UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE KENNETH STUCKEY,<br><br>    Plaintiff,<br><br>  v.<br><br>SUE RISENHOOVER, et al.,<br><br>    Defendants. | Case No. 19-cv-03780-YGR (PR)<br><br>**ORDER RELATING TO SERVICE ISSUES INVOLVING DEFENDANT DR. M. BOSTANJIAN; DIRECTING PLAINTIFF TO CLARIFY WHETHER HE STILL WISHES TO VOLUNTARILY DISMISS DEFENDANT BOSTANJIAN; AND DENYING PLAINTIFF'S REQUEST FOR LEAVE TO FILE A SUR-REPLY** |

    This Order addresses issues regarding service in the above-captioned action, and it also addresses Plaintiff's pending motion for leave to file a sur-reply. Dkt. 55.

    Service has been ineffective on Defendant Dr. Maria Bostanjian. Initially, the Court had been informed Defendant Bostanjian was not served because "Pelican Bay State Prison does not have authorization to accept service for [these] individuals." Dkt. 14.

    As Plaintiff is proceeding *in forma pauperis*, he is responsible for providing the Court with current addresses for all Defendants so that service can be accomplished. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994); *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990). While Plaintiff may rely on service by the United States Marshal, or in this case, the procedure for requesting a defendant to waive the service requirement, "a plaintiff may not remain silent and do nothing to effectuate such service." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). When advised of a problem accomplishing service, a *pro se* litigation must "attempt to remedy any apparent defects of which [he] has knowledge." *Id.* Pursuant to Federal Rule of Civil Procedure 4(m), if a complaint is not served within 90 days from the filing of the complaint, it may be dismissed without prejudice for failure of service. Fed. R. Civ. P. 4(m) (providing that if service of the summons and complaint is not made upon a defendant in 90 days after the filing of the complaint, the action must be dismissed without prejudice as to that defendant absent a showing of "good cause"); *see also Walker*, 14 F.3d at 1421-22 (prisoner failed to show cause

1  why prison official should not dismissed under Rule 4(m) because prisoner did not prove that he
2  provided marshal with sufficient information to serve official).

3  In an Order dated March 9, 2020, the Court directed Plaintiff to provide the Court with a
4  current address for Defendant Bostanjian.[1]  Dkt. 15 at 1.  The Court added that if Plaintiff "fails to
5  provide the Court with the current address of Defendant[] Bostanjian . . . within the twenty-eight-
6  day deadline, all claims against th[is] Defendant[] will be dismissed without prejudice under Rule
7  4(m)." *Id.* at 2.

8  On March 19, 2020, Plaintiff responded to the Court's March 9, 2020 Order and provided
9  the address for Defendant Bostanjian as: California Correctional Health Care Services
10 ("CCHCS"), P.O. Box 588500, Elk Grove, California 95758.  Dkt. 16 at 1.

11 On March 20, 2020, the Clerk of the Court mailed a Notice of Lawsuit and Request for
12 Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the
13 Complaint and all attachments thereto, and a copy of the January 21, 2020 order of service to
14 Defendant Bostanjian at the aforementioned CCHCS address.  Dkts. 17, 18.  To date, Defendant
15 Bostanjian has not yet been served.

16 On May 4, 2020, Plaintiff filed a document entitled, "Plaintiff's Declaration in Support of
17 Plaintiff['s] Request that the U.S. Marshal[] Serve Defendant Devinder Kumar."  Dkt. 22.  In that
18 document, Plaintiff stated that he "would like to delete Defendant Maria Bostanjian from this
19 case."  *Id.*

20 The other served Defendants in this action have since filed a motion for summary
21 judgment.  Dkt. 45.  Plaintiff has filed an opposition, and Defendants have filed a reply.  Dkts. 51,
22 53.

23 As mentioned, Plaintiff has filed a motion for leave to file a sur-reply.  Dkt. 55.  The Local
24 Rules do not permit the filing of a response to a reply, which is also called a sur-reply.  *See* Civ.
25 L.R. 7-3(d).  Plaintiff has not shown, nor is there any indication in the record, that a sur-reply is
26 either necessary or appropriate.  Accordingly, Plaintiff's request is DENIED.  Dkt. 55.

---

[1] The Court also directed Plaintiff to provide the current address for Defendant Devinder Kumar, *see* Dkt. 15 at 1, but that Defendant has since been served, *see* Dkt. 28.

2

On September 7, 2021, Clerk's staff discovered that Defendant Bostanjian had another address in the record, which is as follows: "Staff Psychiatrist, North Kern State Prison [("NKSP")]." Dkt. 14. Therefore, the Clerk mailed another request for waiver of service, along with a copy of the Complaint and all attachments thereto, and a copy of the January 21, 2020 order of service to Defendant Bostanjian at the aforementioned NKSP address. To date, the waiver has not yet been returned and, thus, Defendant Bostanjian still has not been served.

Because service issues may still exist as to Defendant Bostanjian, the Court directs Plaintiff to clarify whether he still wants to voluntarily dismiss this Defendant, and he shall do so using the manner explained below.

## CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Plaintiff's motion for leave to file a sur-reply is DENIED. Dkt. 55.

2. No later than **twenty-eight (28) days** from the date of this Order, Plaintiff shall send a motion to the Court clarifying whether he still wants to voluntarily dismiss Defendant Bostanjian. Plaintiff must write the case number for this action -- Case No. C 19-3780 YGR (PR) -- on the motion, and clearly label it as follows: "Motion to Voluntarily Dismiss Defendant Dr. Maria Bostanjian." If Plaintiff does not respond by filing a motion to voluntarily dismiss this Defendant by the twenty-eight-day deadline, the Court will assume that Plaintiff still wishes to pursue his claims against Defendant Bostanjian.

3. The Court shall resolve the served Defendants' pending motion for summary judgment in a separate written Order.

4. This Order terminates Docket No. 55.

IT IS SO ORDERED.

Dated: September 15, 2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge

3